IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN PERKINS, # B-34913, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-908-GPM |
| ) | |
| JAY R. HOLTZHOUSER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff John Perkins, an inmate currently incarcerated at Centralia Correctional Center ("Centralia"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff is serving an 8-year sentence for burglary. He is now suing his court-appointed public defender, Defendant Jay R. Holtzhouser, for legal malpractice (Doc. 1, p. 5). Plaintiff seeks monetary damages (Doc. 1, p. 6).

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Complaint**

According to the complaint, Plaintiff expected Defendant Holtzhouser to represent him in a post-judgment criminal matter (Doc. 1, p. 5). Plaintiff described his claim in several letters to Defendant Holtzhouser. Plaintiff may have discussed his claim with Defendant Holtzhouser,

although the complaint is far from clear. Despite these communications, Defendant Holtzhouser either did not represent Plaintiff or failed to provide him with adequate legal representation.

Along with the complaint, Plaintiff filed an exhibit that better defines the contours of his legal malpractice claim against Defendant Holtzhouser, although, again, the claim remains far from clear (Doc. 1-1, pp. 1-16). The exhibit includes pleadings from Plaintiff's criminal case and communications with Defendant Holtzhouser. According to these documents, Plaintiff pleaded guilty to burglary and received an 8-year prison sentence (Doc. 1-1, p. 1). Plaintiff, initially proceeding *pro se*, filed a motion to reconsider his sentence based on ineffective assistance of counsel (Doc. 1-1, p. 2). Defendant Holtzhouser was appointed as a special public defender to represent him, but failed to file a certificate of compliance with Illinois Supreme Court Rule 604(d)[1] (Doc. 1-1, pp. 1-2). He also failed to file an amended motion to reconsider sentence. Further, at the hearing on the motion, Defendant Holtzhouser indicated that Plaintiff would stand on the pleadings and the record, and the circuit court ultimately found both to be devoid of factual allegations in support of Plaintiff's claim (Doc. 1-1, p. 2). In his complaint now before the Court, Plaintiff seeks monetary damages against Defendant (Doc. 1, p. 6).

## DISCUSSION

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A and summarily dismiss this action. Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff raises this legal malpractice claim under

---

[1] Before appealing a judgment entered upon an open plea of guilty, Rule 604(d) requires a defendant to first file in the circuit court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. In addition, the defendant's attorney must file a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain the defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings and the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings. *See* Ill. S. Ct. R. 604(d) (eff. July 1, 2006); (Doc. 1-1, p. 2).

42 U.S.C. § 1983.  However, a plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2003).  It has long been held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981).  Plaintiff's complaint challenges exactly that.  The complaint takes issue with the legal representation provided by Defendant Holtzhouser, a special public defender, in Plaintiff's criminal proceeding.  Plaintiff challenges Defendant Holtzhouser's alleged failure to file legal documents and argue Plaintiff's motion to reconsider sentence.  Plaintiff seeks monetary damages and not some other form of relief.  In this context, public defenders are not "state actors" who are amenable to a civil rights suit.  *Id*.

Accordingly, this case shall be dismissed.  As Plaintiff cannot state a § 1983 claim, dismissal is with prejudice.  *Walker v. Thompson,* 288 F.3d 1005, 1009 (7th Cir. 2002).

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendant and the action are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.  Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** November 12, 2013

                                                s/ G. Patrick Murphy
                                                G. PATRICK MURPHY
                                                United States District Judge